UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| STEPHANIE VANDERBOON | CIVIL ACTION NO. 23-cv-490 |
| VERSUS | JUDGE DONALD E. WALTER |
| EQUINE MEDICINE & SURGERY, LLC | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Stephanie VanderBoon ("Plaintiff") filed this FLSA collective action against her employer, Equine Medicine & Surgery, LLC ("EM&S") based on claims that EM&S did not provide bona fide meal breaks and did not properly include per diem payments when calculating regular rates of pay for overtime purposes. EM&S filed an answer and raised several affirmative defenses. Plaintiff asked that EM&S withdraw several of them, and EM&S withdrew all of those subject to the request except estoppel and laches. Before the court is Plaintiff's Motion to Strike (Doc. 18) those two defenses.

EM&S' answer raised the defenses at issue in affirmative defense number four, which reads:

> Subject to proof through discovery, some or all of plaintiff's claims are barred by the doctrines of laches, estoppel … or other equitable defenses. This defense may apply to the claims of some or all of the putative collective and/or class of allegedly similarly situated persons.

Plaintiff argues that estoppel and laches are generally not applicable to FLSA claims, so these defenses should be stricken or, in the alternative, EM&S should be required to provide a more definite statement of facts in support of the defenses.

It is unclear whether estoppel and laches are available defenses under the FLSA. Fernandes v. VMOC LLC, 2018 WL 4901033, *4 (S.D. Tex. 2018). The Fifth Circuit once held, on narrow facts, that a plaintiff was estopped from recovering compensation in her FLSA claim when she intentionally provided false data to her employer about the number of hours worked. Portillo v. Permanent Workers, LLC, 793 Fed. App'x 255, 259 (5th Cir. 2019), citing Brumbelow v. Quality Mills, Inc., 462 F.2d 1324 (5th Cir. 1972). Laches is generally unavailable so long as the FLSA claim is brought within the applicable statute of limitations. Fernandes, supra. The FLSA has a two-year statute of limitations, three years if a violation was willful. 29 U.S.C. § 255(a). The limitation period runs for each member of the collective until they file an individual opt-in form. 29 U.S.C. § 256. Thus, although the original plaintiff who filed this civil action may have filed a timely complaint, it is unknown whether potential members of the collective action may face timeliness defenses.

In Fernandes, Judge Rosenthal denied a similar motion to strike the defenses of estoppel and/or laches. She reasoned that some courts have recognized them as defenses to FLSA claims in some settings, so the defenses were not deficient as a matter of law. Other courts may have stricken the defenses in similar settings, but this court exercises its discretion in these circumstances to follow the lead of Fernandes and allow the defenses to remain. Plaintiff is on notice of the defenses, it is possible that they may have some application as the case develops, and their presence should not unduly complicate the discovery process or other pretrial proceedings. If the facts, as they are developed, do not support either of the defenses, then they may fall by the wayside, as claims and defenses often do. Or Plaintiff can use a motion for summary judgment to attack the defenses, as

the plaintiff in <u>Layton v. Mainstage Mgmt., Inc.</u>, 2023 WL 4240151 (N.D. Tex. 2023) did with success.  For these reasons, Plaintiff's **Motion to Strike Affirmative Defenses (Doc. 18)** is **denied**.

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of August, 2023.

                                          Mark L. Hornsby
                                          U.S. Magistrate Judge